OPINION
Defendant, Uriah Lewis, appeals from a judgment designating him a sexual predator.
After being charged with raping an eight year old boy, Uriah Lewis pled guilty in 1993 to one count of rape of a child under the age of thirteen, without force. R.C. 2907.02(A)(1)(b). Lewis had been previously convicted of a similar offense in 1977. The trial court sentenced Lewis to eight to twenty-five years imprisonment, and fined him five thousand dollars.
On March 30, 2000, a sexual offender classification hearing was held. The State presented four documents: the House Bill 180 Screening Instrument prepared by a probation officer; the Sexual Predator Screening Instrument prepared by prison authorities; an Institution Summary Report; and the original 1993 Pre-Sentence Investigation Report. The State then rested.
Lewis testified that he was thirty-nine at the time of this offense, that he has been in prison for about six years, and he is currently forty-five years old. Lewis does not deny committing the offense. Lewis acknowledged committing a similar crime in 1977, and he testified that he did not seek treatment at that time because he did not recognize that he had a problem.
While in prison Lewis participated in various treatment programs for sex offenders. Lewis voluntarily entered those programs because he recognizes that he has a sickness, molesting children, and he needs help to prevent him from reoffending. The treatment programs have helped Lewis understand why he victimizes children and what triggers his sexual addiction for children. The treatment programs have also helped Lewis cope with emotional problems he suffers from as a result of being sexually abused as a child. Lewis does not blame his victims, and he understands that his behavior is the result of choices he made. He also understands that he injured his victims physically and mentally.
Lewis testified that he cannot guarantee that he won't commit similar crimes again, though with constant therapy he might eventually be healed. Lewis does not have any substance abuse problems and he is not suffering from any mental illness. While in prison Lewis has become involved in religious activity. Lewis has also been acquired job skills. Lewis has not had any disciplinary problems in prison.
The trial court found, based upon all of the evidence presented, clear and convincing proof that Lewis is a "sexual predator." Lewis has timely appealed to this court from that designation.
 FIRST ASSIGNMENT OF ERROR THE COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS IN CLASSIFYING HIM AS A SEXUAL PREDATOR.
Lewis asserts that in determining whether he is likely to engage in the future in one or more sexually oriented offenses, and therefore meets the definition of a sexual predator, the trial court erroneously believed that it was obligated to consider and apply the factors set out in R.C.2950.09(B)(2), and limited its review accordingly. This, Lewis argues, violates his rights to due process of law. See: State v. White (November 5, 1999), Miami App. No. 98-CA-37, unreported.
In conducting the sexual offender classification hearing, the trial court is required to consider the risk factors that R.C. 2950.09(B)(2) prescribes. In State v. White, supra, we held that the General Assembly cannot constitutionally prescribe particular factors that a trial court must consider when making a finding of fact, whether a sexual offender is likely to reoffend in the future, because to do so usurps the core judicial function of deciding what evidence is relevant and material to an issue of fact to be determined. Accordingly, the trial court may, but is not required, to consider evidence relevant to the factors in R.C.2950.09(B)(2). Id.
At the conclusion of the hearing, the trial court orally announced its decision in open court. The court stated:
 I find that by clear and convincing evidence that the Defendant does classify as a Sexual Predator, and that is based on all of the information that I have reviewed and the information that the Court is required to review under 2950.09(A). (Emphasis supplied.)
The trial court's announcement suggests that the court reviewed and considered evidence in addition to the factors that R.C. 2950.09(B)(2) mandates the court to consider. The court stated just prior to announcing its decision that it had considered all of the documents and evidence presented. This is apparent from the trial court's judgment entry wherein the court stated:
 After reviewing the testimony, evidence, and the factors pursuant to Ohio Revised Code 2950.09, 2950.01(B), et seq. and 2950.01(D) et seq., the Court further finds by clear and convincing evidence that the defendant:
 IS a Sexual Predator.
The record in this case amply demonstrates that the trial court did not limit its review solely to the statutory factors set out in R.C.2950.09(B)(2), but rather considered all of the evidence, testimony, and documentation presented to it, in addition to the statutory factors. In determining that Lewis meets the definition of a sexual predator, the trial court was not required to set out the evidence or factors upon which it relied. State v. Cook (1998), 83 Ohio St.3d 404. The problemwhich this court addressed in State v. White, supra, is not present in this case.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION DESIGNATING APPELLANT A SEXUAL PREDATOR, AS DEFINED IN R.C. 2950.01(E), IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
In adjudicating Lewis a sexual predator, the trial court must find by clear and convincing evidence that Lewis has been convicted of or pleaded guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). That requires the trial court to make a determination more intuitive than it is rational, notwithstanding the "risk" factors set out in R.C.2950.09(B). Several of those factors are facially neutral, and of little help in making the prediction the trial court must make. Others, more pertinent to the issue, operate as presumptions which a defendant may rebut. Both the passage of time since the offense and the measures a defendant has taken to rehabilitate himself and to shed the motivations which caused him to commit the offense are relevant to rebut the statutory factors which presume a higher risk for recidivism.
Lewis argues that the trial court's finding that he is likely to reoffend is against the manifest weight of the evidence because of evidence he presented regarding the steps he has taken to rehabilitate himself and to reduce his chances of reoffending.
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6,1996), Montgomery App. No. 15563, unreported. The proper test to applyto that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
Lewis testified about the efforts he has made over the past six years while incarcerated to recognize and understand his sexual offending behavior toward children, what causes and triggers that behavior, and the various sex offender treatment programs he has participated in to help him get over that problem. Without doubt this evidence, if accepted as true, weighs in Lewis' favor and against a finding that he is likely to reoffend in the future. However, the trial court had the opportunity to observe Lewis' demeanor when he testified. As the trier of facts, the trial court has broad discretion to determine the credibility of the witnesses and the weight to be given to their testimony. State v. DeHass
(1967), 10 Ohio St.2d 230.
The only evidence offered to show that since this offense occurred Lewis has been rehabilitated was the testimony of Lewis himself, which it can be argued is self-serving. There was no other evidence offered to corroborate his claim. On the other hand, the State's evidence demonstrates that on two previous occasions, once in 1977 and again in 1993, Lewis raped eight year old boys. The presentence investigation report indicates that Lewis is a fixated pedophile whose behavior has become entrenched.
By his own testimony at the hearing, Lewis admitted that his sexual offending behavior against children is triggered by just about anything:
 Seein' them — I mean, just like I said, seein' them, the way they talk, the way they walk, uh . . . how they act, uh . . . you know, that's — it's — it's all triggers.
(T. 24).
Perhaps most enlightening, Lewis admitted at the hearing that he could not guarantee that he will not reoffend in the future. Lewis stated that with constant therapy, eventually that might help him to where he won't do it again. Lewis noted that healing, getting over the sexual problems he has, is a long term process and he cannot predict when that might happen.
This record demonstrates that in reaching its conclusion in this case the trial court considered all of the evidence presented. Some of that evidence demonstrates a lower risk for recidivism, while other evidence demonstrates a higher risk for recidivism. In concluding that there exists clear and convincing evidence in this case that Lewis is likely to engage in the future in one or more sexually oriented offenses, the trial court necessarily determined that the evidence showing a higher risk for reoffending outweighed the evidence showing a lower risk.
On this record we cannot say that in making that finding the trial court lost its way, that the evidence weighs heavily against such a finding, or that a manifest miscarriage of justice has resulted. The trial court's designation of Lewis as a sexual predator is not against the manifest weight of the evidence.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
 ____________________ GRADY, P.J.,
WOLFF, J. and GLASSER, J., concur.
Hon. George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.